IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN MILTENBERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 06-1606 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

ORDER

AND NOW, this 3rd day of April, 2008, upon consideration of Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice Act (document No. 15) filed in the above captioned matter on February 19, 2008, and upon further consideration of Defendant's Brief in Opposition thereto and Plaintiff's Response,

IT IS HEREBY ORDERED that plaintiff's Motion is DENIED.

I. **Background**

On February 21, 2003, Plaintiff, Helen Miltenberger, filed her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. On October 14, 2003, she applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Plaintiff claimed that she became disabled on December 20, 2002, due to bipolar and post-traumatic stress disorders.

Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ"). In a decision dated May 26, 2005,

1

the ALJ denied Plaintiff's request for benefits. The Appeals Council declined to review the ALJ's decision on September 27, 2006. On December 1, 2006, Plaintiff filed a timely appeal with this Court, and the parties filed cross-motions for summary judgment.

On February 14, 2008, this Court entered an order granting Plaintiff's motion in part and remanding the case to the Commissioner for further evaluation and also entered final judgment. Plaintiff has now filed a motion seeking an award of attorney's fees, along with an itemized list of activities and hours.

II. **Discussion**

Under the Equal Access to Justice Act ("EAJA"), a court shall award attorney's fees to a "prevailing party" in litigation brought by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The prevailing party has thirty days from the entry of final judgment to file an application seeking an award of fees. 28 U.S.C. § 2412(d)(1)(B).

It is clear that a party who obtains a sentence four remand in a proceeding to obtain social security benefits may qualify as a "prevailing party" for purposes of the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993). Furthermore, the burden of demonstrating that the United States was "substantially justified" in its position is on the government. See Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993).

2

This Court remanded the matter for additional consideration because the record was unclear as to whether the ALJ gave proper weight to the treating psychiatrist's opinion. This Court found the ALJ's decision was inconsistent with the regulations because it gave little consideration to the "detailed, longitudinal picture" of Plaintiff's impairments found in her treating psychiatrist's records while under the care of Mercy Behavioral Health and failed to reconcile the evidence found in the opinions of the state's consultative examiner and psychological consultant. See 20 C.F.R. § 416.927(d)(2).

The Court concluded that:

> In short, the record simply does not permit the Court to determine whether the ALJ's decision to afford no significant weight to Plaintiff's treating physician is supported by substantial evidence. Accordingly, the Court will remand for the ALJ to re-evaluate Plaintiff's impairments. On remand, the ALJ should appropriately weigh the medical evidence of record and fully develop his reasons for affording the weight given to such evidence.

The Government contends that it was substantially justified in its defense of this matter. A position is "substantially justified" when it is "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The Government position is substantially justified "if it has a reasonable basis in both law and fact." Morgan v. Perry, 142 F.3d 670, 684 (3d Cir. 1998) (quoting Hanover Potato Prods., Inc., 989 F.2d at 128). The

3

Government's position may be substantially justified even when it loses on the merits. See, e.g., Kiareldeen v. Ashcroft, 273 F.3d 542, 554 (3d Cir. 2001); Morgan, 142 F.3d at 685.

The medical evidence may support the ALJ's conclusion, even though it was not adequately explained. Plaintiff argued that the ALJ should have credited his psychiatrist's opinion over those of the state's experts, which was not the Court's conclusion. The Court directed the ALJ to more thoroughly explain the significance of Dr. Garbutt's checkbox form in the context of the complete MBH records and to reconcile this opinion with the conflict between the opinions of Dr. Cohen and Dr. Link. This is not a case where the Government's position is based on speculation with no support in the record. Therefore, its position was substantially justified, even though the ALJ was not as thorough in his analysis as he could have been.

### III. Conclusion

In sum, the Court finds that the Government's position in this matter was substantially justified. Accordingly, Plaintiff's motion for attorney's fees is denied.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record